**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Debra Doyle-Oswald, Individually and as Trustee for the Heirs and Next-of-Kin of John Michael Doyle,

Plaintiff,

v.

Mack Trucks, Inc. and/or Mack Canada Inc., Bostrom Seating, Inc., and Indiana Mills & Manufacturing Inc.,

Defendants,

and

Bostrom Seating, Inc.,

Third-Party Plaintiff,

v.

Hoglund Transportation, Inc., and Briita Marie Lorenz,

Third-Party Defendants

Civil No. 00-1040 (DWF/AJB)

**MEMORANDUM OPINION AND ORDER**

---

Cory Whalen, Esq., Sieben Grose Von Holtum McCoy & Carey, 900 Midwest Plaza East, 800 Marquette Avenue, Minneapolis, MN 55402-2842, appeared on behalf of Plaintiff.

George Flynn, Esq., and Lori Semke, Esq., Flynn & Gaskins, 2900 Metropolitan Center, 333 South Seventh Street, Minneapolis, MN 55402, appeared on behalf of Defendant Indiana Mills & Manufacturing, Inc.

John Nelson, Esq., Quinlivan & Hughes, 600 Norwest Center, 400 First Street South, P.O. Box. 1008, St. Cloud, MN 56302, appeared on behalf of Defendant Bostrom Seating, Inc.

Scott Paxton, Esq., Hinshaw & Culbertson, 222 Ninth Street South, Suite 3100, Minneapolis, MN 55402, appeared on behalf of Defendant Mack Trucks, Inc.

Colby Lund, Esq., Arthur Chapman Kettering Smetak & Pikala, 500 Young Quinlan Building, 81 South Ninth Street, Minneapolis, MN 55402-3124, appeared on behalf of Third-Party Defendants.

---

MAY 01 2001
FILED
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

## Introduction

The above-entitled matter came on for hearing before the undersigned United States District Judge on April 26, 2001, pursuant to Defendant Indiana Mills & Manufacturing, Inc.'s Motion for Summary Judgment. In the Complaint, Plaintiff alleges a variety of causes of action against Indiana Mills & Manufacturing, Inc. ("Indiana Mills"), all premised upon the notion that a seat belt assembly manufactured by Indiana Mills failed, causing the death of Plaintiff's husband, John Doyle. For the reasons set forth below, Indiana Mills' motion is granted.

## Background

On April 10, 1997, John Doyle was operating a semi-truck, manufactured by Defendant Mack Trucks, Inc., when he was involved in a collision with a school bus. Mr. Doyle was thrown across the cab and sustained fatal injuries.

The truck driven by Mr. Doyle was equipped with a seat belt assembly manufactured by Indiana Mills. The seat belt assembly included belt webbing for lap and shoulder restraints, both extending from a retractor assembly. The retractor assembly was bolted to a "retractor mounting bracket," which was in turn bolted to the "sill" (an inverted U-shaped metal panel mounted on the cab floor behind the driver's seat). Indiana Mills has alleged, and Plaintiff has not contested, that Indiana Mills did not manufacture the retractor mounting bracket or sill; did not manufacture the bolts used to secure the mounting bracket to the sill; did not provide instruction to Mack Trucks, Inc., on securing the retractor assembly to the truck cab; and did not oversee in any way the installation of the seat belt assembly.

Following the collision, the National Transportation Safety Board ("NTSB") conducted an investigation. The uncontroverted conclusion of that investigation was that the portions of the

seat belt assembly produced by Indiana Mills did not fail; rather, the seat belt failed to restrain Mr. Doyle because the retractor mounting bracket disconnected from the sill.

Plaintiff filed this action in April of 2000. The pretrial scheduling order sets the close of discovery for July 1, 2001. Indiana Mills filed this motion in February of 2001; at that time, Plaintiff had taken no depositions, served no written discovery, and failed to disclose any expert witnesses.[1] At oral argument, the Court inquired whether Plaintiff was prepared to supplement the record with evidence of Indiana Mills' liability, and Plaintiff's counsel indicated that he had not yet discovered any evidence of a failure of the seat belt assembly itself (as opposed to the seat belt anchorage).

**Discussion**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must view the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank of Missouri*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy, and inexpensive determination of every action.'" Fed. R. Civ. P. 1. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

---

[1] Plaintiff admittedly missed the deadline for disclosure of expert witnesses. The parties stipulated to extend that deadline to May 15, 2001, a date which has not yet passed. Thus, the Court does not mean to imply that the Plaintiff is in violation of any Court order.

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enterprise Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record which create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Krenik*, 47 F.3d at 957.

Plaintiff has offered absolutely no evidence that Indiana Mills' product failed. The record before the Court consists solely of the NTSB report, which indicates that the seat belt assembly remained intact during the collision and that it was the anchorage of that assembly which failed. Plaintiff has offered no evidence to challenge the NTSB report or to suggest that the design or production of seat belt assembly in any way contributed to the failure of the anchorage assembly.

Instead of coming forth with evidence of a genuine issue of material fact for trial, Plaintiff argues that Indiana Mills' motion is premature. Specifically, Plaintiff notes that the discovery deadline has not yet passed and contends that the factual complexity of the case has led Plaintiff to take significant time in preparing interrogatories and requests for documents.

"While the trial court must give the parties adequate time to conduct discovery, Rule 56(c) does not require the completion of all discovery before a court may properly grant summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1238 (8th Cir. 1997) (citations omitted). Rather, a party opposing a timely motion for summary judgment may request, pursuant to Rule 56(f), that the Court postpone consideration of that motion until discovery has advanced or been completed. However,

> Rule 56(f) is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious. A party invoking its protections must do so in good faith by affirmatively demonstrating why he cannot respond to a movant's affidavits as otherwise required by Rule 56(e) and how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact. Where . . . a party fails to carry his burden under Rule 56(f), postponement of a ruling on a motion for summary judgment is unjustified.

*Willmar Poultry Co. v. Morton-Norwich Products, Inc.*, 520 F.2d 289, 297 (8th Cir. 1975), *cert. denied*, 424 U.S. 915 (1976).

This action has been pending for over a year, the NTSB investigation has been completed for over two years, and there are only two months of discovery remaining. Yet, still, at this point Plaintiff has offered absolutely no evidence of any potential liability on the part of Indiana Mills. Indeed, Plaintiff has been unable even to articulate what evidence she might possibly discover in the next two months which would support a theory of liability against Indiana Mills; she has not come forward with particular requests for documents or proposed interrogatories which might elicit such evidence, and she has not offered even a preliminary statement by an expert to suggest that the seat belt assembly manufactured by Indiana Mills was defective. In the absence of any evidence–or even anticipated evidence–that the seat belt assembly malfunctioned or was defective in any way, Indiana Mills is entitled to summary judgment.

For the reasons stated, **IT IS HEREBY ORDERED:**

1. Defendant Indiana Mills & Manufacturing, Inc.'s Motion for Summary Judgment (Doc. No. 20) is **GRANTED** and all claims against this defendant are **DISMISSED WITH PREJUDICE**.

Dated: May 1, 2001

DONOVAN W. FRANK
Judge of United States District Court